### SHAW, State Banking Commissioner, v. YARDLEY.

### No. 2883.

Court of Civil Appeals of Texas. El Paso.

Oct. 5, 1933.

Garland & Reed, of Lamesa, for plaintiff in error.

N. R. Morgan, of Seminole, for defendant in error.

PELPHREY, Chief Justice.

Plaintiff in error brought this suit on a promissory note for $200 alleged to have been executed by defendant in error to the First State Bank of Seminole, Tex.

Defendant in error answered by general demurrer, special exceptions, pleas of material alteration and of payment, a general denial, and prayed that in the event judgment was rendered against him on the note that he be allowed to offset the sum of $211 due him as assignee of G. L. Goode and W. L. Gary, who were depositors in said bank at the time it was placed in the hands of the state banking commissioner.

Plaintiff in error pleaded ratification of the alteration and excepted to defendant in error's answer, both generally and specially, but such exceptions were overruled.

In response to special issues the jury found that the alteration made in the $200 note was done without the assent of defendant in error; that defendant in error, after the alteration was made, ratified the note for the amount of $200 as originally written; that J. L. Goode and Mrs. W. L. Gary assigned their accounts against the bank to defendant in error and that the two accounts totalled $185.03.

Upon these findings the court rendered judgment for plaintiff in error for the amount of the note, accrued interest, and attorney's fees, totalling $247.50 less $185.03, the amount of the assigned claims. The court foreclosed a chattel mortgage against certain personal property of defendant in error.

The banking commissioner has appealed and assigns fundamental error on the part of the trial court in overruling his special exceptions to defendant in error's answer wherein he alleged that the accounts of Goode and Gary had been assigned to him and claimed the amount thereof as an offset against the note; in admitting the assignments in evidence; in submitting special issues relative to said assignments and the amounts thereof; and in offsetting the amount of the assignments against his judgment.

Defendant in error in his brief makes no attempt to answer the contentions advanced by plaintiff in error but, in what appears to be a cross-assignment, asserts that judgment should have been in his favor because of the admission of record that the note had been materially altered without defendant in error's consent and the absence of evidence to show ratification of such alteration thereafter.

The transcript contains an agreement of counsel that the note had been materially altered and without the consent of defendant in error. The jury found, however, that such alteration had been ratified by appellee, and, in the absence of a statement of facts, we must presume such finding to be correct. The cross-assignment is therefore overruled.

The rule of law as to the right of set-off against the receiver of a bank is laid down in 7 Corpus Juris, § 536, p. 746, as follows: "The right to a set-off against a receiver of a bank is to be governed by the state of things existing at the moment of insolvency and not by conditions thereafter created; and

a debtor of an insolvent bank cannot set off against his debt a claim against it which was assigned to him after its insolvency unless this is permitted by statute."

No statute of this state authorizing such a set-off has been called to our attention and we know of none, therefore, the position of plaintiff in error must be sustained.

The judgment of the trial court is accordingly reformed by striking therefrom the set-off allowed defendant in error, and, as so reformed, it is affirmed.